UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-24260-TORRES

VICTOR JEROME BLANEY,

    Plaintiff,

v.

WALMART LOSS PREVENTION, *et al.*,

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

This cause comes before the Court on Plaintiff, Victor Jerome Blaney's Motion for Leave to Proceed in Forma Pauperis [D.E. 3], that was filed pro se on September 17, 2025. The matter was assigned to the Undersigned Magistrate Judge for appropriate disposition. [D.E. 2]. Upon consideration of the Motion and the supporting financial affidavit and record, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion is **DENIED** with leave to renew in compliance with this Order. It is also ORDERED that Plaintiff show cause, either in the form of a written response to this Order or through an Amended Complaint, why the action should not be dismissed.

2. Plaintiff's financial affidavit filed as part of the Motion satisfies the economic eligibility requirements of 28 U.S.C. § 1915(a).

3. But upon review of the pro se complaint, the Court finds that Plaintiff must at

this stage show cause why this Court has jurisdiction over the action.

4. Plaintiff's Complaint essentially alleges that Plaintiff was caught shoplifting at Walmart, and Walmart's theft prevention team and an off-duty sheriff's deputy then unruly assaulted and battered him. This included use of "excessive force," "closed fist strikes," "forearm strikes," and other violent acts. [D.E. 1 at Sec. II].

5. We by no means assess the merits of Plaintiff's allegations at this early stage. But upon review of the pro se Complaint, the Court finds that Plaintiff must at this stage at least plausibly allege the Court's jurisdiction. The Court is required to consider this preliminary question under section 1915, which is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *See, e.g., Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in forma pauperis, the court must initially determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). If so, the court must then determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  It is this latter inquiry that prevents us from granting immediate relief on the motion at this stage of the case.

6. Namely, it is unclear what basis the Court has to exercise jurisdiction in this

matter. As to federal question jurisdiction, Plaintiff has not alleged a federal claim or a violation of federal law. Rather, Plaintiff's Complaint states that he would "like to file assault and battery [claims] with serious bodily harm to the elderly …." [D.E. 1 at Sec. III]. It is unclear how these claims of assault and battery, perpetrated by Walmart employees and an off-duty county sheriff's deputy, arise under federal law. This is especially true where Plaintiff's Complaint form makes no mention of or reference to federal law, but rather references only "assault and battery," which traditionally arise under state law.

7. Moreover, diversity jurisdiction is not facially plausible either. One of the listed Defendant's in this case is a Walmart employee who, as pleaded, is employed in Pensacola, Florida. And Plaintiff—who is incarcerated in Florida—also mentions in his statement of claim a Florida deputy sheriff. Plainly, then, as pleaded, Plaintiff is a citizen of the same state as several Defendants.

8. In sum, without a showing of cause, either in the form of a written response to this Order or even better an amended complaint that addresses these pleading issues, the Court presently cannot find a basis to exercise subject matter jurisdiction. And, if that is the case, the motion for in forma pauperis treatment can be denied under 28 U.S.C. § 1915.

9. Alternatively, Plaintiff may elect to proceed with his current complaint but must then submit the required filing fee with the Clerk of the Court in order to prosecute his action. Plaintiff also may file this complaint in state court,

where subject matter jurisdiction is less likely to create a barrier. For now, the pending motion is Denied without prejudice. But failure to comply with this Order in one way or another may result in dismissal of the action. Plaintiff must fully comply with this Order by no later than October 3, 2025.

**DONE and ORDERED** in Chambers at Miami, Florida this 19th day of September, 2025.

    /s/  *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge